UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                          Case No.: 8:09-cr-52-T-23MAP

JAMISON L. BELL

**PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A. Brian Albritton, United States Attorney for the Middle District of Florida, the defendant, JAMISON L. BELL, and the attorney for the defendant, Rick Terrana, Esq., mutually agree as follows:

**A. Particularized Terms**

1. Count(s) Pleading To

The defendant shall enter a plea of guilty to Count One of the Indictment, which charges the defendant with conspiracy to distribute, and to possess with the intent to distribute, cocaine and five (5) grams or more of cocaine base, in violation of 21 U.S.C. § 846.

2. Minimum Mandatory and Maximum Penalties

In light of the fact that the defendant has one (1) or more prior convictions for a felony drug offense, Count One is punishable by a mandatory minimum term of imprisonment of ten (10) years, a maximum term of imprisonment of life, a fine of $4,000,000, or both, a term of supervised release of at least eight (8) years, and a

Defendant's Initials JB                                AF Approval

special assessment of $100, said special assessment to be due on the date of sentencing.

3.  Under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), in order for the maximum sentence of life to be applicable to Count One, the following facts must be proven beyond a reasonable doubt:

The offense alleged in Count One involved five (5) grams or more of a mixture and substance containing a detectable amount of cocaine base.

4.  <u>Elements of the Offense(s)</u>

The defendant acknowledges understanding the nature and elements of the offenses with which the defendant has been charged and to which the defendant is pleading guilty. The elements of Count One are:

<u>First</u>: That two or more persons in some way or manner came to a mutual understanding to try and accomplish a common and unlawful plan, as charged in the Indictment;

<u>Second</u>: That the defendant knowingly and willfully became a member of such conspiracy; and

<u>Third</u>: That the object of the conspiracy was to distribute, and to possess with the intent to distribute, cocaine and five (5) grams or more of cocaine base.

5.  <u>Counts Dismissed</u>

At the time of sentencing, the remaining counts against the defendant – namely, Counts Two and Three – will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

Defendant's Initials _JB_  2

6. No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge the defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement which are related to the conduct giving rise to this plea agreement.

7. Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines (USSG), as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand, however, that such a recommendation is not binding upon the Court, and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

8. Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting that such a recommendation is unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two (2) level downward adjustment for acceptance of responsibility, pursuant to USSG

Defendant's Initials  JB                3

§3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court and that, if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant complies with the provisions of USSG §3E1.1(b), the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one (1) additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot, and will not, challenge that determination, whether by appeal, collateral attack or otherwise.

9. <u>Cooperation - Substantial Assistance to be Considered</u>

The defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including the production of any and all books, papers, documents and other objects in the defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion

Defendant's Initials _JB_   4

at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one (1) year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot, and will not, challenge that determination, whether by appeal, collateral attack or otherwise.

10. Use of Information - Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of the defendant's cooperation, and pursuant to this agreement, shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

11. Cooperation - Responsibilities of Parties

a. The government will make known to the Court and other relevant authorities the nature and extent of the defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming

Defendant's Initials _JR_     5

the fundamental civic duty of reporting crime. The defendant understands, however, that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

  b. It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail voluntarily and unreservedly to disclose and provide full, complete, truthful and honest knowledge, information and cooperation regarding any of the matters noted herein, the following conditions shall apply:

  (1) The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

  (2) The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of, or refile, such charges and prosecute the defendant thereon in the event that such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of the defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), not to be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to

Defendant's Initials _JB_      6

reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3) The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4) The government may use against the defendant his own admissions and statements and the information and books, papers, documents and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5) The defendant will not be permitted to withdraw the guilty pleas to those counts to which the defendant hereby agrees to plead in the instant case but, in that event, the defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or, in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

Defendant's Initials  *JB*          7

12. Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 21 U.S.C. § 853, whether in the possession or control of the United States or in the possession or control of the defendant or the defendant's nominees. The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil and/or administrative forfeiture action. The defendant also hereby agrees that the forfeiture described herein is not excessive and that, in any event, the defendant waives any constitutional claims that the defendant may have that the forfeiture constitutes an excessive fine.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to the provisions of Rule 32.2(b)(1), the United States and the defendant request that at the time of accepting this plea agreement, the Court make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offense(s) to which the defendant is pleading guilty and enter a preliminary order of forfeiture. Pursuant to Rule 32.2(b)(3), the defendant agrees that the preliminary order of forfeiture shall be final as to the defendant at the time it is entered, notwithstanding the requirement that it be made a part of the sentence and be included in the judgment.

The defendant agrees to forfeit all interests in the assets referenced above, and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of

Defendant's Initials _JB_    8

a consent decree of forfeiture, and the signing of any other documents necessary to effectuate such transfers.

The defendant further agrees to take all steps necessary to locate property and to pass title to the United States before the defendant's sentencing. To that end, the defendant agrees to fully assist the government in the recovery and return to the United States of any assets, or portions thereof, as described above wherever located. The defendant agrees to make a full and complete disclosure of all assets over which the defendant exercises control and those which are held or controlled by a nominee. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.

The defendant agrees that the United States is not limited to forfeiture of the property described above. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. This Court shall retain jurisdiction to settle any disputes arising from application of this clause. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Defendant's Initials  JB            9

Forfeiture of the defendant's assets shall also not be treated as satisfaction of any fine, restitution, cost of imprisonment or any other penalty this Court may impose upon the defendant in addition to forfeiture.

B. **Standard Terms and Conditions**

1. Restitution, Special Assessment and Fine

The defendant understands that, on each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2. Supervised Release

The defendant understands that the offense to which the defendant is pleading provides for the imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which the defendant pleads, to respond to comments made by the defendant or the defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any

recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition. The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office or any victim named in an order of restitution, or any other source, the financial affidavit, any of the defendant's federal, state and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution or forfeiture ordered by the Court.

4. Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the Pre-Sentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the defendant's sentence will be determined solely by the Court, with the assistance of the United States Probation Office. The defendant further understands and acknowledges that any discussions between the defendant or the defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding upon the Court and that, should

Defendant's Initials _JD_       11

any recommendations be rejected, the defendant will not be permitted to withdraw the defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

5. Defendant's Waiver of Right to Appeal and Collaterally Challenge the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal the defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

6. Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state or local prosecuting authorities, although this office will bring the defendant's

Defendant's Initials JB          12

cooperation, if any, to the attention of other prosecuting officers or others, if requested.

7. Filing of Agreement

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of the defendant's entry of a plea of guilty pursuant hereto.

8. Voluntariness

The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and the defendant's attorney, and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation or coercion of any kind. The defendant further acknowledges the defendant's understanding of the nature of the offense or offenses to which the defendant is pleading guilty and the elements thereof, including the penalties provided by law, and the defendant's complete satisfaction with the representation and advice received from the defendant's undersigned counsel (if any). The defendant also understands that the defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that the defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against the defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in the defendant's defense; but, by pleading guilty, the defendant waives or gives up those rights and there will be no trial. The defendant further understands that if the defendant pleads guilty, the Court may ask the defendant

Defendant's Initials _JD_  13

questions about the offense or offenses to which the defendant pled, and if the defendant answers those questions under oath, on the record, and in the presence of counsel (if any), the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement. The defendant also understands that the defendant will be adjudicated guilty of the offenses to which the defendant has pled and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms.

9. Factual Basis

The defendant is pleading guilty because the defendant is, in fact, guilty. The defendant certifies that the facts set forth below are true and that, were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt. The parties further acknowledge and state, however, that these facts are set forth for the limited purpose of complying with Rule 11(b)(3) of the Federal Rules of Criminal Procedure, and are not intended to serve as a complete statement of the defendant's involvement in the offense to which the defendant is pleading.

FACTS

Between at least on or about January 13, 2009 and on or about January 14, 2009, in the Middle District of Florida, the defendant, JAMISON L. BELL, conspired with other individuals – including, but not limited to, David L. Bullock – to distribute, and to possess with the intent to distribute, cocaine and five (5) grams or more of cocaine base (i.e. crack cocaine).

Defendant's Initials JB          14

During the course of and in furtherance of this conspiracy, the defendant and Bullock met with undercover agents (UCA's) on two (2) occasions in January 2009 to sell the UCA's quantities of cocaine base and/or powder cocaine. In the first of these transactions, which occurred on or about January 13, 2009, the defendant directed the UCA's to a "trap house" he operated at 7703 New Hampshire Dr. in Tampa, FL. Once there, the defendant and Bullock sold the UCA's approximately 9.4 grams of cocaine base and approximately 14.3 grams of powder cocaine for the price of $900.

In the second deal, which occurred on or about January 14, 2009, the defendant arranged to sell the UCA's "ten packs" of cocaine base at a gas station in Tampa, FL. Upon arriving there, the UCA's were approached by Bullock, who got into the UCA's undercover vehicle, removed several baggies containing cocaine base, and weighed them out on a scale. When the weight of the cocaine base turned out to be less than the negotiated amount, the UCA's contacted the defendant and told him to come to their vehicle. The defendant then appeared and got into the backseat of the undercover vehicle along with Bullock. Upon being told that the weight of the cocaine base was less than that negotiated, the defendant offered, and the UCA's agreed, to consummate the deal for a reduced price. The defendant then exited the undercover vehicle, and Bullock – who remained behind – distributed the cocaine base (weighing approximately 15.6 grams) to the UCA's for $900.

10. Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements or representations exist or have been made to the defendant or the defendant's attorney with regard to such guilty plea.

11. Certification

The defendant and the defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant, and that the defendant fully understands its terms.

DATED this 16th day of March, 2009.

A. BRIAN ALBRITTON
United States Attorney

_____  By: _____
JAMISON L. BELL                    CHRISTOPHER P. TUITE
Defendant                          Assistant United States Attorney


_____        _____
RICK TERRANA, ESQ.                 JAMES C. PRESTON, JR.
Attorney for the Defendant         Assistant United States Attorney
                                   Deputy Chief, Narcotics Section