IN THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISRICT OF FLORIDA
(TAMPA DIVISION)

| | |
|---|---|
| JAMISON BELL<br>Defendant,<br><br>vs.<br><br>UNITED STATES OF AMERICA | CASE No: 8:09-CR-T-23 map |

## MOTION FOR SENTENCE REDUCTION BASED ON (1739) 18:1 CRACK TO POWDER RATIO

**COMES NOW**, the defendant **JAMISON BELL**, pro-se and respectfully asks this Honorable Court to accept the Defendants Motion for a reduction of sentence based on (1739) 18:1 crack to powder ratio. In support of this motion defendant alleges the following.

### JURISDICTION

This is defendant Jamison Bell's motion for sentence reduction based on (1739) 18:1crack to powder ratio. This defendant also invokes the pro-se litigant standard of Haines v. Kerner 404 U.S. 519, 520, 92, S.ct 594 (1972). As defendant is not trained or skilled or knowledgable of the complexities of the law herein

### STATEMENT OF FACTS

On or about Febuary 12, 2009 an indictment was returned charging Jamison Bell with ocnspiracy to distribute a controlled substace cocaine base of 5 grams or more.

(1)

On or about March 19, 2009 defendant plead guilty before the Honorable Judge Steven D. Merryday.

On June 8, 2009 defendant was sentenced to 180 months imprisonment and 8 years supervised release. However the sentencing Judge the Honorable Judge Steven D. Merryday stated on the record that if any lawd changed he would bring the defendant Jamison Bell back for re-sentencing.

Defendant asks this Honorable Court to consider the new crack to powder 18:1 ratio in this said case. Some courts have now ruled that 1 to 1 is the only appropraite ratio, including the critical District of Columbia Court. Since the Department of Justice came out with a policy statement not opposing the 1 to 1 crack ratio, and in effect supporting it. The old policy is unconstitutional and discriminatory on its face, the government has admitted it was unconstitutional therefore it is appropriate for the defendant to file said motion now to obtain relief. In fact since a defendant under the new crack legisiation is actually innocent of the enhanced sentence, he is entitled to relief as a matter of law. (SEE SUPPORTING CASES).

United States of America vs. Gully 2009 U.S. Dist Lexis 42888 (N.D. Iowa Mat 18, 2009) The Court has the authority and the duty to reject crack cocaine penaities and use of the 1:1 crack to powder ratio is appropriate sentencing methodology in crack cocaine cases.

United States vs. Rodrigues, 2009 U.S. Dist Lexis 53290 N.D. Ill June 23, 2009 Court finds the crack penaity to be greather then necessary and the government does not oppose sentencing courts

(2)

decision to disregard the crack cocaine Guidelines and sentence defendants below the range dictated by those penalties.

United States vs. Lewis, 2009 U.S. Dist Lexis 40881 13 D.C. June 9, 2009 Noting that the crack cocaine penalities are presumptively unjust and that this court will apply the 1 to 1 ratio in all crack cocaine cases and then will consider separately all aggravating factors applicable in any individual case, such as violence, injury, recidivism or possession or use of a weapon.

## CONCLUSION

Defendant asks this Honorable Court to consider a reduction of sentence based on the 18:1 crack to powder ratio, and based on the advisoy guidelines, and this Courts authority to depart from the guidelines. Defendant asks this Honorable COurt to use it's Authoruty and grant the Defendant the relief he seeks.

## CERTIFICATE OF SERVICE

I Jamison Bell, Defendant, pro-se, do hereby certify that on this 23 day of August 2010. I have caused to be mailed by placing copies of the foregoing Motion for Reduction of Sentence based on 1739 18:1 crack to powder ratio in the prison mailbox, prepaid postage, addressed to the following:

| UNITED STATES DISTRICT COURT | U.S. ATTONEY'S OFFICE |
| TAMPA DIVISION OFFICE OF THE CLERK | C/O: PAUL I. PEREZ |
| 801 N.Florida Ave #223 | FEDERAL BUILDING |
| Tampa, FL 33602-3800 | 400 N. TAMPA ST. Ste 3200 |
| | TAMPA, FL 33602 |